```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANDREW GENE MORRIS, JR.,**

      Plaintiff,

v.                                  Civil Action No. 2:23-cv-00039

**BRIAN NICK MULLINS, in his individual
capacity and official capacity as a
Deputy Sheriff of Boone County, WV,
CHAD BARKER, in his individual and official
capacity as the duly elected Sheriff of Boone
County, WV, BOONE COUNTY COMMISSION, and
SUSAN MCCOY.**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's "Second Motion to Amend Complaint," filed on November 6, 2023. ECF 34.  Defendants oppose the motion. ECF 37-38, 41-42.  For the reasons set forth below, the court GRANTS in part and DENIES in part the motion.

### I. Background

On January 17, 2023, Plaintiff filed his complaint against defendants Mullins, Barker, and Boone County Commission ("BCC"), as well as defendant Boone County Sheriff's Department ("BCSD") which has since been dismissed, alleging one count of unreasonable seizure in violation of plaintiff's constitutional

and common law rights against defendants Mullins and Barker; one count of malicious prosecution in violation of plaintiff's constitutional rights and rights under West Virginia common law against defendants Mullins and Barker; one count relating to the alleged failure to train and supervise subordinates in violation of plaintiff's constitutional rights (the "Monell" claim) against defendants Barker, BCC, and BCSD; and one count of violations of state law and common law rights against defendants Mullins and Barker. ECF 1 at 12-20.

On April 24, 2023, defendants Mullins, Barker, BCC, and BCSD answered the complaint. See ECF 9. On May 15, 2023, defendants moved to dismiss the complaint. See ECF 12.

On June 2, 2023, the court entered a Rule 16(b) scheduling order, setting the deadline for amending the pleadings on July 14, 2023. See ECF 16.

On June 25, 2023, plaintiff moved to amend his complaint, seeking to (1) dismiss BCSD as a defendant, (2) add Susan McCoy as a defendant, and (3) and allege one count of abuse of process in violation of state law against her. ECF 17. By order entered on July 13, 2023, the court granted plaintiff's motion and deemed the amended complaint filed on June 26, 2023. See ECF 22. On August 9, 2023, defendants Mullins, Barker, and BCC moved to dismiss the amended complaint. See ECF 25.

Since the July 14, 2023, deadline, the parties have stipulated three times to extend time to answer the amended complaint, see ECF 24 (August 8, 2023) (plaintiff and defendant McCoy stipulated to extend time to answer the amended complaint by McCoy), and to respond to the motion to dismiss. See ECF 28 (August 11, 2023) (plaintiff and defendants Mullins, Barker, and BCC stipulated to extend time for a response to the motion to dismiss by plaintiff); ECF 31 (August 24, 2023) (plaintiff and defendant McCoy stipulated to extend time for plaintiff to respond to the motion to dismiss and defendant McCoy to reply). On September 5, 2023, parties filed a joint motion to continue all deadlines in the Scheduling Order by ninety days to allow defendant McCoy additional time to engage in discovery. See ECF 32. The court granted this motion, continuing all dates in the 16(b) scheduling order by ninety days. See ECF 33. However, the original July 14, 2023, deadline to amend the pleadings remained unchanged and in effect.

On September 6, 2023, fifty-four days after the deadline to amend the pleadings passed, plaintiff filed the pending motion for leave to file his second amended complaint. See ECF 34.[1] Plaintiff contends that "deficiencies" asserted in

---

[1] The court notes that plaintiff's memoranda of law supporting his second motion to amend the complaint is integrated with his memoranda in opposition to both defendant McCoy's and defendants

defendants' motion to dismiss may be corrected through the filing of a second amended complaint. Id. at 1. Plaintiff seeks leave to amend his amended complaint: (1) to withdraw his abuse of process claim as to defendant McCoy in count four and replace it with a claim for malicious prosecution, ECF 35 at 3;[2] (2) to withdraw the § 1983 failure to supervise claim from count five of the amended complaint as to defendants Barker and BCC, ECF 36 at 6; (3) to withdraw the state law claim against defendants Barker and BCC for failure to train and supervise deputies from count four, id. at 7;[3] (4) withdraw the state law claims against defendant Mullins for false arrest and abuse of process from counts one and three, id. at 11; (5) add factual allegations to support the claim for malicious prosecution against defendant Mullins in violation of the Fourth Amendment in count two, id.; (6) add factual allegations to support the state law claim for malicious prosecution against defendant Mullins in count two, id. at 12; and (7) add factual allegations to support the false arrest claim in violation of the Fourth

---

Mullins, Barker, and BCC's motions to dismiss the amended complaint. See ECF 35; ECF 36.
[2] Plaintiff mistakenly labels two counts as "count four." See ECF 20 at 10-11 (showing that the first "count four" is a claim against defendant McCoy for abuse of process in violation of state law while the second is a state law claim of failure to train and supervise against defendants Barker and BCC). This confusion is remedied by this Order.
[3] Supra at n.2.

Amendment against defendant Mullins in count one. Id. at 10. Plaintiff further argues that none of the defendants will be prejudiced by granting him leave to file a second amended complaint. ECF 34 at 2.

Defendant McCoy opposes the motion as to the parts relating to her. See ECF 37-38, 47. Defendants Mullins, Barker, and BCC oppose the motion as to the parts relating to them. See ECF 41-42, 46.

## II. Legal Standard

The court maintains a clear two-step analysis governing motions to amend pleadings filed after the scheduling order's deadline. Gillespie v. Elsner, No. 2:22-CV-00322, 2023 WL 6628825, at *2 (S.D.W. Va. Oct. 11, 2023) (citing Smith v. United Postal Serv., Inc., 902 F. Supp. 719, 721 (S.D.W. Va. 1995)).

First, "a moving party ... must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Dalton v. Dow Chem. Co., No. 2:18-CV-01494, 2019 WL 3759807, at *1 (S.D.W. Va. Aug. 8, 2019) (quoting Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)). The touchstone of "good cause" under Rule 16(b) is the diligence of the party

seeking amendment. Felman Prod., Inc. v. Indus. Risk Insurers, No. CIV.A. 3:09-0481, 2010 WL 3119338, at *2 (S.D.W. Va. July 28, 2010) (quoting Marcum, 163 F.R.D. at 255). The focus of the inquiry is on the movant's reasons for seeking modification; if the movant was not diligent, "the inquiry should end." Marcum, 163 F.R.D at 254 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Specifically, Rule 16(b)'s good cause standard is met when the pretrial schedule cannot reasonably be met despite the movant's diligence. See id.

If the movant successfully establishes "good cause," the motion is then reviewed under Rule 15(a). Rule 15(a)(2) requires the court to analyze the bad faith of the movant and the prejudice to the opposing party. Dalton, 2019 WL 3759807, at *1 (citing Marcum, 163 F.R.D. at 254). Rule 15(a)(2) is a more permissive standard, requiring the court to "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Our circuit has held that leave to amend a pleading should be denied only when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Leave to amend should only be denied on futility

6

grounds "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Furthermore, a proposed amendment is futile if "the proposed amendment is clearly insufficient or frivolous on its face" or "'if ... it fails to satisfy the requirements of the federal rules,' such as Rule 12(b)(6)." Bailey v. Bradford, 12 F.Supp.3d 826, 831 (S.D.W. Va. 2014).

### III. Analysis

Because plaintiff filed his motion for leave to file his second amended complaint after the scheduling order's deadline, the court will apply the above two-step analysis. The court will first analyze the parts of plaintiff's motion relating to defendant McCoy. The court will then address the parts of the motion relating to all other defendants.

#### a. Plaintiff's Amendments as to Defendant McCoy

The plaintiff seeks to amend his amended complaint to withdraw his abuse of process claim as to defendant McCoy and replace it with a claim for malicious prosecution, ECF 35 at 3.

First, the movant must satisfy the "good cause" standard of Rule 16(b). Marcum, 163 F.R.D. at 254. To do so, plaintiff must demonstrate that he was sufficiently diligent in requesting leave of court to file his second amended complaint.

7

See id. Plaintiff does not address Rule 16(b) in his motion or supporting memoranda. ECF 8 at 7. Plaintiff states that through the filing of an amended complaint, "deficiencies asserted in Defendants' Motion to Dismiss may be corrected" and that "none of the defendants will be prejudiced." ECF 34 at 1-2.

Defendant McCoy opposes this motion. ECF 38 at 6; ECF 47 at 1-3. In her response, she contends that plaintiff has not articulated any "good cause" as to why he should be permitted to amend his complaint, and plaintiff is attempting to amend his complaint to prevent the dismissal of McCoy as a defendant. ECF 38 at 6. She argues that plaintiff's malicious prosecution claim is based on previously known information, meaning nothing prevented plaintiff from asserting the claim in his original or amended complaints. Id. She further contends that even if plaintiff did demonstrate good cause, permitting the amendment would be futile. ECF 38 at 7-8; ECF 47 at 3.

Plaintiff did not file a reply with the court.

Plaintiff filed the pending motion on September 6, 2023, fifty-four days after the July 14, 2023, deadline to amend pleadings. McCoy was added to the case when the plaintiff filed his amended complaint on June 26, 2023, prior to the deadline to amend pleadings. Inasmuch as the motion is quite untimely, Rule

16(b) requires diligence on the part of the moving party – the plaintiff must articulate some valid reason ("good cause") necessitating amending the pleadings post-deadline. Marcum, 163 F.R.D. at 254.

The court finds that the plaintiff has not satisfied the "good cause" standard of Rule 16(b). Not once did the plaintiff indicate that he acted with diligence in his motion or his supporting memoranda. Plaintiff does not demonstrate that the amendment was based on new evidence, see Burton v. United States, 199 F.R.D. 194, 198 (S.D.W. Va. 2001), a delay in discovery, see W. Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc., 200 F.R.D. 564, 567 (S.D.W. Va. 2001) (granting plaintiff's motion to amend the complaint one hundred and twenty-six days after the deadline to amend pleadings inasmuch as defendants' failure to timely provide discovery materials led plaintiff to be late in filing the amended complaint), or elsewise explain why his motion was late. Instead, he simply concedes his original claim for abuse of process against defendant McCoy is barred by the relevant statute of limitations while pointing to the fact that his new claim is not so limited. See ECF 35 at 3. The onus is on the movant to show he was diligent in seeking leave of court to amend after the scheduled deadline. Marcum, 163 F.R.D at 254. Plaintiff has not done so

here and has failed to file any response to defendant McCoy's claim of lack of diligence.

Because the plaintiff has failed to demonstrate "good cause," he has not satisfied the first step of the above test, requiring that his motion fail. Id. As plaintiff failed in the first step of the analysis, the court need not analyze this motion under the second step, Rule 15(a). Id.

### b. Plaintiff's Amendments as to Defendants Mullins, Barker, and BCC

Plaintiff also seeks to amend his amended complaint to withdraw certain claims as against defendants Mullins, Barker, and BCC. See ECF 36 at 6 (plaintiff requests leave to withdraw the § 1983 failure to supervise claim from count five of the amended complaint as to defendants Barker and BCC); id. at 7 (plaintiff requests leave to withdraw the state law claim for negligent failure to train and supervise deputies from count four as to defendants Barker and BCC); id. at 11 (plaintiff requests leave to withdraw the state law claims against defendant Mullins for false arrest and abuse of process from counts one and three). Furthermore, plaintiff seeks leave of court to add factual allegations to support claims against defendant Mullins. Id. at 10 (plaintiff seeks leave to add unstated factual allegations to support the false arrest claim

in violation of Fourth Amendment against defendant Mullins in count one); id. at 11 (plaintiff seeks leave to add factual allegations to support the malicious prosecution claim in violation of Fourth Amendment in count two); id. at 12 (plaintiff seeks leave to add factual allegations to support the state law claim for malicious prosecution in count two). The court returns to the above two-step framework to analyze the proposed amendments.

First it is noted that defendants Mullins, Barker, and BCC ask the court in their response to the motion to amend to dismiss the very claims plaintiff attempts to withdraw. See ECF 42 at 1 (seeking dismissal of any § 1983 failure to supervise claim against defendants Barker or BCC as plaintiff conceded insufficient pleading and withdrew claim); id. at 2 (seeking dismissal of any negligent failure to train and supervise claim against defendants Barker or BCC as plaintiff conceded insufficient pleading and withdrew claim); id. (seeking dismissal of any false arrest or abuse of process claim against defendant Mullins as plaintiff conceded the claim is barred by the relevant statute of limitations and withdrew claim). Because the parties agree, the court accepts and dismisses these claims.

Regarding plaintiff's requests to add factual allegations, defendants argue that amending the complaint would be futile as the proposed amendments cannot withstand a motion to dismiss. ECF 46 at 3-5. While defendants do not directly argue that plaintiff has failed to meet his burden under Federal Rule 16(b)'s "good cause" requirement, they have joined defendant McCoy's Response which so argues. See ECF 41.

Following the same two-step analysis, plaintiff must demonstrate "good cause" regarding the amendments to add factual allegations to the complaint post-deadline. Marcum, 163 F.R.D. at 254. Plaintiff has not done so. While plaintiff does state in his motion that "deficiencies asserted ... may be corrected through the filing of a Second Amended Complaint," nowhere does plaintiff demonstrate that he acted with diligence in seeking leave of the court to do so. Nowhere does plaintiff provide any valid reason as to why his motion was late. Further, plaintiff provides no indication that there *are* new facts to add to his amended complaint to support modified or new causes of action. As noted by defendants Mullins, Barker, and BCC, "the [proposed second amended complaint] does not modify any previously asserted claims, add new facts, or impose new theories of liability." ECF 46 at 3. Instead, for two of the attempted amendments, plaintiff seeks to add unstated "new" facts

12

"[s]hould the Court find ... the facts pleaded ... insufficient." ECF 36 at 10; see also id. at 12 (asking the court for leave to add factual allegations "should the Court find [them] lacking").[4] This seems to be an attempt by plaintiff to avoid a negative outcome on defendants Mullins, Barker, and BCC's motion to dismiss, which remains pending.[5] See ECF 25.

Accordingly, because the plaintiff has not demonstrated sufficient "good cause," the court must deny the plaintiff's motion to the extent he seeks to add new factual allegations to the amended complaint.

### IV. Conclusion

Pursuant to the foregoing, the court GRANTS in part and DENIES in part the Second Motion to Amend Complaint.

As a consequence of this ruling, plaintiff's amended complaint remains in effect, save for the claims that plaintiff and defendants Mullins, Barker, and BCC agreed to dismiss from the amended complaint. As to defendant Mullins, plaintiff

---

[4] For the other attempt to add factual allegations, plaintiff "admits that the Amended Complaint does not assert specific ways in which Defendant Mullins misled the prosecutor," but still requests the court for leave to add the allegations. ECF 36 at 11.

[5] The court is not overlooking defendant McCoy's motion to dismiss the amended complaint, which also remains pending. See ECF 29.

alleges a claim of false arrest in violation of the Fourth Amendment in count one, ECF 20 at 8, a claim of malicious prosecution in violation of the Fourth Amendment and state law in count two, id. at 8-9, and a claim of abuse of process in violation of the Fourteenth Amendment in count three. Id. at 9. As to defendant McCoy, plaintiff alleges one count of abuse of process in violation of state law in count four.  Id. at 10.  As to defendants Barker and BCC, plaintiff alleges a failure to train claim pursuant to 42 U.S.C. § 1983 in count five.  Id. at 12.

    The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 28, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge